# LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") is effective April 1, 2004, between Russell Bernthal & Socorro Bernthal ("Borrowers") and American General Finance, Inc. ("Lender"), and amends and supplements (1) the Note ("Note") executed by the Borrowers, dated January 25, 2002 in the original principal sum of $99,900.00 and (2) the Mortgage ("Security Instrument") dated January 25, 2002 and recorded in Book 7608 at Page 502 of the Official Records of Johnson County, Kansas. The Security Instrument, which was entered into as security for the Note, encumbers the real property described in the Security Instrument (and defined in the Security Instrument as the "Property"), which is located at 4008 W. 48th Lane, Roeland Park, KS 66205. The real property is legally described as follows:

> Lot 2, Mission Grove Resurvey No. 1, A Subdivision in the City of Roeland Park, Johnson County, Kansas, According to the Recorded Plat Thereof.

The Borrowers have requested that the Lender modify the terms of the Note and Security Instrument. The Lender has agreed to do so pursuant to the terms and conditions stated in this Agreement. In consideration of the modifications made in this Agreement, and other good and valuable considerations which the parties agree they have received, the Borrowers and Lender agree that the provisions set forth in the Note and Security Instrument are modified as follows:

1. The Borrowers and the Lender agree that effective April 1, 2004, the principal sum of the Note and Security Instrument (Unpaid Principal Balance') will be adjusted to $75,000.00.

2. The Borrowers promise to pay the Unpaid Principal Balance, plus interest, to the order of the Lender, until the Unpaid Principal Balance has been paid. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 10.00% beginning April 1, 2004. The Borrowers promise to make monthly payments of principal and interest of $658.19 beginning on the 13th day of April, 2004, and continuing thereafter on the same day of each succeeding month until said balance is paid in full.

3. The Unpaid Principal Balance will be amortized over a 30 year period, and there will not be a prepayment penalty on the modified note.

4. The Borrowers are currently in bankruptcy, and will pay their regular monthly payments outside the chapter 13 plan.

5. Except to the extent modified herein, the Borrowers will comply with all of the covenants, agreements, and requirements of the Note and Security Instrument, including without limitation, the Borrowers' covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds,

1

Case 16-20207 Case 16-20207 Claim 25-7 Doc#6/20/16 Filed 08/18/22 Desc Main Document Page 1 of 12 Page 20 of 33

and all other payments that the Borrowers are obliged to make under the Security Instrument.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument which will remain unchanged and in full effect except as modified herein, and the Borrowers and Lender will be bound by, and comply with, all the terms and provisions thereof, except as amended by this Agreement.

(To be signed by all Borrowers, endorsers, guarantors sureties, and other parties signing the Note or Security Instrument.)

**WITNESSES**

*Pamela J Alcantar*

*Kristie M Smith*

Date: 3-4-2004

**BORROWERS**

*Russell Bernthal*
Russell Bernthal

*Socorro Bernthal*
Socorro Bernthal

Date: 3-4-2004

**WITNESSES**

_____

_____

Date: _____

**American General Finance, Inc.**

By: _____

Name: _____

Title: _____

Date: _____

2

## ACKNOWLEDGMENTS

State of KANSAS )
 )ss
County of Johnson )

On this 4th day of March 2004, personally appeared before me Russell Bernthal and Sorocco Bernthal, personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name is subscribed to the attachment instrument, and acknowledged they executed it.

IN WITNESS WHEREOF, I set my hand and official seal.

___Kenneth M. _____

KENNETH M. GAY
Notary Public-State of Kansas
My Appt. Expires 7-24-05

Notary Public

State of Kansas )
 )ss
County of Johnson )

BRYCE SMITH

On this 25 day of March 2004, personally appeared before me

BRYCE SMITH of American General Finance, Inc., personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the attached instrument and acknowledged to me that he/she executed the same in his/her authorized capacity and that by his/her signature on the instrument the person for the entity upon behalf of which the person acted, executed the instrument.

IN WITNESS WHEREOF, I set my hand and official seal.

___Amy J. Merseal_____

AMY L. MERSEAL
My Appt Exp 4/18/05
STATE OF KANSAS

Notary Public

3

# RELEASE AND SETTLEMENT AGREEMENT

## I. PARTIES

This Release and Settlement Agreement (hereinafter "Agreement") is made and entered into by Plaintiff American General Finance, Inc. (hereinafter "Plaintiff"), and Defendants Russell Bernthal and Sorroco Bernthal (hereinafter "Defendants"), for the purpose of resolving by compromise settlement, all claims, liabilities, and disputes arising out of the current dispute between the Parties. In the remainder of this Agreement, American General Finance, Russell Bernthal and Sorroco Bernthal shall be referred to collectively as the "Parties".

## II. RECITALS

This Agreement is entered into with reference to the following facts:

1. On October 25, 2002, Defendants filed for relief under Chapter 13 of the United States Bankruptcy Code. As of even date, a chapter 13 plan was filed containing the following language:

"The mortgage on Debtors' home held by American General Finance is to be rescinded by the Debtors pursuant to 15 U.S.C. §1635 for the reason that American General Finance failed to provide the Debtors with the disclosures required by the Truth-in-Lending Act. The Debtors hereby rescind said transaction with American General Finance. Confirmation of this plan shall constitute a finding that said transaction is rescinded and that any mortgage held by American General Finance on the Debtors' property is void and unenforceable."

On December 17, 2002, a confirmation hearing was held whereupon Defendants' chapter

1

13 plan was confirmed. On January 17, 2003, Plaintiff filed a Motion to Vacate Conformation of Plan and Objection to Plan, alleging improper rescission of Plaintiff's mortgage lien. On January 28, 2003, Debtors filed an Objection to Plaintiff's Motion to Vacate Confirmation of Plan and Objection to Plan. Plaintiff initiated this pending litigation (adversary action) in order to invalidate said language in Defendants' plan, and procure a judicial determination that its lien was still valid and it still had a secured claim in the pending bankruptcy.

2. Defendants maintained that Plaintiff's lien had been stripped when confirmation of the aforesaid plan occurred. Defendants also maintained that the debt owed to Plaintiff on its note was reduced to an unsecured claim when confirmation occurred. The aforesaid matters contained in this paragraph and paragraph one (1) of this Agreement, and any and all allegations contained in any pleading filed in Defendants bankruptcy or the pending adversary are hereinafter referred to as the "Dispute".

3. The Parties hereto are desirous of resolving all pending disputes and issues between themselves which are in any manner connected with this litigation. This Agreement is executed with the intention of extinguishing all liability between the Parties and their successors and assigns, and to completely and finally resolve between the Parties and their successors and assigns all disputes and issues.

## III. AGREEMENTS, RELEASES AND PROMISES

THEREFORE, in consideration of the facts and mutual general releases and promises contained herein, and for other good and valuable consideration, the receipt of which is acknowledged by each party hereto, the Parties promise and agree as follows:

4. The existing note and mortgage will be modified pursuant to a Loan Modification Agreement that will be simultaneously executed with this Agreement. The Loan Modification Agreement is incorporated herein as if fully set out at length and attached as "Exhibit A."

5. Defendants agree to release and forever discharge Plaintiff, and their respective successors and assigns from any and all state or federal claims, demands or causes of action asserted, existing or claimed against either or both of them by reason of, arising from or related to the Dispute. This release and discharge includes, but is not limited to, all Truth-in-Lending-Act allegations raised or which could have been raised by Defendants in their chapter 13 plan, the pending adversary proceeding, or any other legal proceeding.

6. Defendants do further release and forever discharge Plaintiff, and each of the officers, directors, shareholders, partners, attorneys, predecessors, successors, representatives, insurers, assignees, agents, employees, executors, administrators, heirs, and all persons acting by, through or in any way on behalf of Plaintiff, of and from any and all claims, debts, defenses, liabilities, costs, attorneys fees, actions, suits at law or equity, demands, contracts, expenses, damages, whether general, specific or punitive, exemplary, contractual or extra-contractual, and causes of action of any kind or nature which Defendants may now have or claim to have against Plaintiff, including without limitation all claims or causes of action which in any way, directly or indirectly, or in any other way arises from or are connected with or which could have been asserted in connection with the Dispute, and any claim, cause of action, damages, promises or demands which could have been asserted in the Dispute; and the Parties further covenant and agree that this Agreement may be pleaded or asserted by or on behalf of Plaintiff as a defense and complete bar to any action or claim that may be brought against or involving Plaintiff by anyone

3

acting or purporting to act on behalf of Defendants with respect to any of the matters within the scope of this Agreement, excepting only the obligations of the Parties under this Agreement and the original note and mortgage as modified by the Loan Modification Agreement. This full and final release shall cover and shall include and does cover and does include any and all known or future damages not now known to any of the Parties hereto, but which may later develop or be discovered, including the effects and consequences thereof, and including all causes of action therefore which arise out of the same facts as were alleged or could have been alleged in the dispute only.

7. Plaintiff does hereby release and forever discharge Defendants, and all persons acting by, through or in any way on behalf of Defendants, of and from any and all claims, debts, defenses, liabilities, costs, attorneys fees, punitive, exemplary, contractual or extra-contractual, and causes of action of any kind or nature which Plaintiff may now have or claim to have against Defendants, both jointly and severally, including without limitation all claims or causes of action which in any way, directly or indirectly, or in any other way arises from or are connected with or which could have been asserted in connection with the Dispute, and any claim, cause of action, damages, promises or demands which could have been asserted in the Dispute; and the Parties further covenant and agree that this Agreement may be pleaded or asserted by or on behalf of Defendants as a defense and complete bar to any action or claim that may be brought against or involving them by anyone acting or purporting to act on behalf of Plaintiff with respect to any of the matters within the scope of this Agreement excepting only the obligations of the Parties under this Agreement, and the original note and mortgage as modified by the Loan Modification Agreement. This full and final release shall cover and shall include and does cover and does

4

include any and all known or future damages not now known to any of the Parties hereto, but which may later develop or be discovered, including the effects and consequences thereof, and including all causes of action therefore which arise out of the same facts as were alleged or could have been alleged in the dispute only.

8. This full and final release shall cover and shall include and does cover and does include any and all known or future damages not now known to any of the parties hereto, but which may later develop or be discovered, including the effects and consequences thereof, and including all causes of action therefore which arise out of the same facts as were alleged or could have been alleged in the Dispute only.

9. This Agreement is entered into by the Parties for the purpose of compromising and settling matters in the Dispute between and among them. This Agreement does not constitute, and shall not be construed as, an admission by any Party of the truth or validity of any claims asserted or contentions advanced by any other party.

10. It is expressly understood by the Parties that each Party shall bear its own costs in connection with the Dispute and this Agreement, and the Parties waive and release any claims they otherwise have or may have had to such costs and attorneys fees.

11. This Agreement is entered into in the State of Kansas and the Agreement and any rights, remedies, or obligations provided for in this Agreement, shall be construed and enforced in accordance with the laws of the State of Kansas.

12. This Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in the Agreement shall not be interpreted against any one Party.

5

Case 16-20207 Claim 25-7 Filed 06/20/16 Desc Main Document Page 8 of 12
Case 16-20207 Doc#97-1 Filed 08/18/22 Page 27 of 33

13.  If any action is brought to enforce this Agreement, or is brought in connection with any dispute arising out of this Agreement or the claims which are the subject of this Agreement, the prevailing Party or Parties shall be entitled to recover damages, fees and other costs incurred in such litigation which they may prove are the direct and proximate result of any breach hereof in additional to any other relief which that Party or Parties may be entitled to by law.

14.  The provisions of this Agreement are severable. If any portion, provision, or part of this Agreement is held, determined, or adjudicated to be invalid, unenforceable or void for any reason whatsoever, each such portion, provision or part shall be severed from the remaining portions, provisions or parts of this Agreement and shall not affect the validity or enforce ability of any remaining portions, provisions or parts.

15.  This Agreement shall not be altered, amended, or modified by oral representation made before or after the execution of this Agreement. All modifications must be in writing and duly executed by all Parties.

16.  Parties represent and warrant to each other that each is the sole and lawful owner of all right, title and interest in and to every claim and other matter which each releases in this Agreement and that they have not previously assigned or transferred, or purported to do so, to any person or other entity any right, title or interest in any such claim or other matter. In the event that such representation is false, and any such claim or matter is asserted against either Party by anyone who is the assignee or transferee of such a claim or matter, then the Party who assigned or transferred such claim or matter shall fully indemnify, defend and hold harmless the Party against whom such claim or matter is asserted and its successors from and against such

6

claim or matter.

17. The Parties acknowledge that this Agreement is executed voluntarily by each of them, without duress or undue influence on the part of, or on behalf of any of them. The Parties further acknowledge that they have or had the opportunity for representation in the negotiation for, and in the performance of, this Agreement by counsel of their choice and that they have read this Agreement, and have had it fully explained to them by their counsel and that they are fully aware of the contents of this Agreement and its legal affect.

18. This Agreement shall be effective as a full and final accord and satisfaction and release of each matter in connection with those matters set forth herein above.

19. This Agreement shall be binding on and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, agents, representatives, successors, and assignees.

20. This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties and the terms of the Agreement are contractual and not merely recitals.

21. This Agreement constitutes that there is no other agreement, written or oral, expressed or implied, between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them.

22. The individuals whose signatures are affixed to this Agreement in a representative capacity represent and warrant that they are authorized to execute the Agreement on behalf of and to bind the entity on whose behalf the signature is affixed.

7

IN WITNESS THEREOF, the below parties have thereunto set their hands this 4th day of MARCH, 2004.

*Russell Bernthal* (signature)

Russell Bernthal

*Socorro Bernthal* (signature)

Socorro Bernthal

STATE OF KANSAS ) 
                            ) ss:
COUNTY OF JOHNSON )

BE IT REMEMBERED that on this 4th day of MARCH, 2004, before me, appeared Russell Bernthal and Socorro Bernthal, who are personally known to me to be the same persons who executed the within instrument of writing, and duly acknowledged the execution of same.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal at my office in Johnson County, KS, the day and year last above written.

KENNETH M. GAY
Notary Public-State of Kansas
My Appt. Expires 7-24-05

*Kenneth M. Gay* (signature)
Notary Public

My commission expires: July 24, 2005.

8

IN WITNESS THEREOF, the below parties have thereunto set their hands this _____ day of January, 2004.

American General Finance, Inc.

By: _____

STATE OF KANSAS       )
                      ) ss:
COUNTY OF Johnson     )

BE IT REMEMBERED that on this 25 day of March, 2004, before me, appeared Bryce Smith to me personally known, who being by me duly sworn, did say that he/she is the manager of American General Finance, Inc., a corporation.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my notarial seal at my office in Johnson County, the day and year last above written.

_____
Notary Public

My commission expires:

AMY L. MERSEAL
STATE OF KANSAS
My Appt. Exp 6/11/05

9